**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
|---|---|
| v. | |
| Jose Daniel Delgado-Villalpondo | Case Number: 19-9006MJ |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been submitted to the Court. I have considered all the factors set forth in 18 U.S.C. § 3142(g). I conclude that the following facts are established: *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and detention of the defendant is required pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending trial in this case.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed:
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq., or 46 U.S.C. App. § 1901 et seq.

  ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

  ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

  ☐ an offense involving a minor victim as set forth in 18 U.S.C. § 3142(e)(3)(E), specifically in 18 U.S.C. § _____.[1]

  ☐ an offense for which a maximum term of imprisonment of 20 years or more is prescribed pursuant to 18 U.S.C. §§ 1581-1584, 1589-1591 (Slavery and Sex Trafficking).

☐ (2) The defendant has not rebutted the presumption established by Finding No. (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community or any person.

☐ (3) There is clear and convincing evidence that the defendant has been convicted of:
  - a crime listed in 18 U.S.C. § 3142(f)(1); and
  - the offense was committed while the defendant was on release pending trial for a Federal, State or local offense; and
  - a period of not more than five (5) years has elapsed since the date of conviction, or the release of defendant from imprisonment for the offense listed in 18 U.S.C. § 3142(f)(1).

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

☐     (4)     The defendant has not rebutted the presumption established by Finding No. (3) that no condition or combination of conditions will reasonably assure the safety of the community and any other person.

## Alternative Findings

☒     (1)     There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐     (2)     No condition or combination of conditions will reasonably assure the safety of others and the community.

☐     (3)     There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check as applicable.)*

☐     (1)     I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒     (2)     I find by a preponderance of the evidence as to risk of flight that:

           ☒     The defendant has no significant contacts in the District of Arizona.

           ☒     The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

           ☒     The defendant has a prior criminal history.

           ☒     There is a record of prior failure to appear in court as ordered.

           ☐     The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

           ☒     The defendant has a history of substance abuse.

           ☐     The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

           ☒     The defendant has ties to a foreign country.

           ☒     The defendant has used aliases or multiple dates of birth or false identifying information.

           ☐     The defendant was on probation, parole, or supervised release at the time of the alleged offense.

| ☐ | (3) | The defendant does not dispute the information contained in the Pretrial Services Report, except: |
|---|---|---|
| ☒ | (4) | The weight of the evidence against the defendant is great. |
| ☐ | (5) | In addition: |
| ☒ | (6) | The defendant has submitted the issue of detention to the Court based upon the Pretrial Services Report. |

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 4th day of January, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge